# FILED

August 5 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 262N

_____

MONTANA DEPARTMENT OF LABOR AND
INDUSTRY, HUMAN RIGHTS BUREAU,

      Petitioner and Appellee,

  v.

                                  DA 08-0517

BNSF RAILWAY COMPANY,

      Respondent and Appellant.

    ***********************************

BNSF RAILWAY COMPANY,

      Petitioner and Appellant,

  v.

                                    DA 08-0558

MATT O'DEA,

      Respondent and Appellee.

    ***********************************

MATT O'DEA,

        Petitioner/Appellee/Cross-Appellant,

    v.

                                     DA 08-0559

BNSF RAILWAY COMPANY,

        Respondent and Appellant.

_____

APPEAL FROM:   District Court of the First Judicial District,
                      In and for the County of Lewis & Clark,
                      Cause Nos. BDV 2008-622; BDV 2008-238; BDV 2008-788
                      Honorable Jeff Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jeff Hedger, Benjamin O. Rechtfertig; Hedger Friend, P.L.L.C.,
                Billings, Montana (for BNSF Railway Company)

        For Appellee:

                Terry N. Trieweiler; Trieweiler Law Firm, Whitefish, Montana
                (for Matt O'Dea)

                Marieke Beck; Department of Labor & Industry, Helena, Montana
                (for Department of Labor and Industry and Human Rights
                Commission)

_____

                            Submitted on Briefs:  June 25, 2009

                                     Decided:  August 5, 2009

File:

           _____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 These three consolidated matters all arise from Matt O'Dea's claim that BNSF Railway discriminated against him by refusing to hire him. O'Dea filed a charge of discrimination with the Montana Human Rights Bureau in 2004 contending that BNSF failed to hire him based upon a perceived disability (his weight). In September, 2007, the Human Rights proceedings concluded in O'Dea's favor with a finding that BNSF had discriminated against him. The agency entered an award in favor of O'Dea against BNSF of approximately $366,000 as damages for lost wages, lost benefits, pre-judgment interest, lost future earnings, and emotional distress. The agency also ordered BNSF to train certain of its supervisors and to adopt anti-discrimination policies.

¶3 BNSF sought judicial review of the Human Rights award in Montana District Court in Yellowstone County and also sought review in United States District Court. It then removed its state petition for judicial review to Federal court. The Federal court remanded BNSF's petition for judicial review to state court and dismissed the action. BNSF appealed that remand to the Ninth Circuit. Meanwhile the court in Yellowstone

County granted O'Dea's motion to change venue to the First Judicial District. In October, 2008, the First Judicial District Court denied BNSF's petition for judicial review and upheld the award for O'Dea. BNSF appeals only the District Court's refusal to allow BNSF to voluntarily dismiss its petition for judicial review without prejudice. (Appeal number DA 08-0558.)

¶4 O'Dea separately sought judicial review of the Human Rights decision in Montana First Judicial District Court in Helena contending that the damages awarded to him were not sufficient and were not supported by substantial evidence. BNSF removed O'Dea's judicial review proceeding to Federal court, but the Federal court remanded that matter to State court. BNSF appealed the remand to the Ninth Circuit. Meanwhile the State District Court affirmed the damage award entered in the Human Rights proceeding. BNSF appeals the District Court's refusal to stay judicial review pending a resolution of its appeals to the Ninth Circuit and O'Dea cross-appeals the adequacy of the damages awarded to him. (Appeal number DA 08-0559.)

¶5 In the third contested matter, the Montana Department of Labor and Industry, which contains the Human Rights Bureau, filed an action seeking enforcement of its orders against BNSF. Particularly, the agency sought an order compelling BNSF to comply with the training and adoption of policies that had been ordered. The First Judicial District Court entered an order granting the relief sought. BNSF appeals not the District Court's order granting relief, but the District Court's refusal to stay enforcement pending a resolution of its appeals of the Federal court matters to the Ninth Circuit. (Appeal number DA 08-0517.)

4

¶6 In appeal DA 08-0558 O'Dea prevailed on the merits in the judicial review conducted by the District Court of the First Judicial District, and O'Dea is entitled to enforcement of his judicially-confirmed award of damages. BNSF concedes that the agency finding that it discriminated against O'Dea and the District Court's affirmation of that finding are not at issue on appeal. The District Court acted well within its discretion under M. R. Civ. P. 41 to deny BNSF's motion to dismiss.

¶7 In appeal No. DA 08-0559, the District Court reviewed the record of the Human Rights proceedings in light of O'Dea's contention that the damages awarded to him were insufficient and were not supported by substantial evidence. The District Court found the hearing examiner's findings and conclusions on damages to be "both thorough and well reasoned" and not an abuse of discretion. The District Court properly declined to substitute its judgment for that of the agency and properly found that the damages awarded were adequate. We will not disturb the District Court's decision.

¶8 In appeal No. DA 08-0517, BNSF again seeks delay so that it can pursue, and wait upon, action by the Federal courts that it hopes will relieve it of its obligations to O'Dea and to the Human Rights Bureau/Department of Labor and Industry. The District Court was well within its discretion to deny the motion to stay.

¶9 In summary, BNSF does not appeal the merits of the decisions below, but only seeks to idle all State-court efforts by O'Dea to obtain what is due to him so that it can seek review of these matters in Federal court. The Ninth Circuit recently held that the Federal District Court had diversity jurisdiction over BNSF's federal action seeking to review the Human Rights decision. *BNSF Railway Co., v. O'Dea*, No. 08-35075, decided

5

July 16, 2009. Nothing in that opinion indicated that Montana state courts lacked jurisdiction to consider the matters raised in these three appeals, and further indicated that res judicata may apply if the Montana proceedings conclude prior to action by the United States District Court on remand. O'Dea's claim has been pending since 2004, and there is no sufficient reason to delay matters further.

¶10 In conclusion we affirm the District Court's Order of enforcement in favor of the Department of Labor and Industry, Human Rights Bureau, entered August 19, 2008 and the District Court's Order on Petitions for Judicial Review entered October 2, 2008.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶12 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS


Justice Jim Rice, dissenting.

¶13 I believe the recent decision of the Ninth Circuit Court of Appeals in *BNSF Railway Co. v. O'Dea*, No. 08-35075 (July 16, 2009), has substantially altered the posture and complexion of the appeals in these related cases. It certainly has changed federal diversity jurisdiction. In denying BNSF's motions for dismissal and a stay of the

6

state court cases so BNSF could proceed in the federal courts, the District Court reasoned:

> While the BNSF has the right to question whether decisions of the MHRC can be reviewed in federal court, that question has already been answered in the *Billbruck* case [a previous appeal BNSF had lost], and it is highly doubtful that the BNSF will be successful doing that which it failed to do in *Billbruck*.

¶14    I initially believed that the District Court had made the right assumptions about BNSF's case pending before the Circuit Court, and had properly denied BNSF's motions. However, the *O'Dea* decision, which overruled contrary precedent at the instance of the U.S. Supreme Court, has demonstrated that this thinking was incorrect. BNSF indeed has the right to seek review of the agency determinations in federal district court, which "does have subject matter jurisdiction to hear BNSF's review action." *O'Dea*, 2009 U.S. App LEXIS 15690 *14.

¶15    Further, I do not construe the reference in the concurring opinion in *O'Dea* to the possibility that res judicata could apply if state proceedings concluded prior to action by the federal district court as an invitation for our Court to conclude the proceeding. In my view, as difficult as the additional delay is to accept, the appropriate response, in the interest of respecting the determination of the Circuit Court, is to allow BNSF to avail itself of the remedy it has won. Therefore, I would reverse the District Court.

/S/ JIM RICE

7